John A. MERZ and Charles L. Bray, doing business as All-Jersey Dairy, Appellants,

v.

SUNNYBROOK FARMS MILK AND ICE CREAM CO., Inc., a corporation and Polar Pie Ice Cream Corporation, Appellees.

No. 15665.

United States Court of Appeals Ninth Circuit.

Aug. 12, 1958.

Rehearing Denied Oct. 20, 1958.

---

10. "Paragraph (1) extends the collection authority and powers of the Internal Revenue Service to possessions of the United States so that if a delinquent taxpayer should remove himself or his property to a possession of the United States the Internal Revenue Service will have the same authority and power (such as the right to collect by levy and sale) to collect the tax from him, or to reach his property, in the possession as it would have within the United States. (It may be noted that two possessions of the United States are now included within internal revenue districts; namely, Puerto Rico and the Virgin Islands, as is the Canal Zone.)" H.Rep. No. 1337, 83d Cong., 2d Sess., pp. A436–437.

11. 48 U.S.C.A. § 1612.

Barzee, Leedy & Erwin, Robert A. Leedy, Herman L. Lind, Jr., Portland, Or., for appellants.

Bryson & Deich, Dean F. Bryson, Portland, Or., for appellees.

Before HEALY and FEE, Circuit Judges, and CHASE A. CLARK, District Judge.

CHASE A. CLARK, District Judge.

Appellants were distributors in Cowlitz County, Washington, of milk furnished them by Appellees who were milk processors in Portland, Oregon. After a period of dealings without a contract the parties entered into a written contract on June 23, 1954, under terms of which the Appellees would furnish Appellants with their requirements of milk, cream, milk by-products and ice cream, and Appellants would buy all of their said requirements from Appellees, who would also furnish the milk containers. The contract was for a period of three years.

A Cowlitz County ordinance required that milk contain a minimum butterfat of 3.6%. Washington state requirements were 3.25% until August, 1955, when they were raised to 3.5%.

After the date of the contract Appellants received some complaints from County milk authorities concerning low butterfat content and impurities in the milk. Appellees were so advised. Cartons in which milk was furnished to Appellants were labeled 3.8% butterfat until the supply of cartons was used in April or May, 1955.

A criminal complaint was filed against these Appellants on April 28, 1955, for selling milk with less butterfat content than required by Cowlitz County ordinance. The Appellants were arrested and placed in jail for some three hours. The charge was later dismissed on a holding that the statute was invalid.

Thereafter, on November 21, 1955, Appellants completely ceased buying and receiving their requirements from the Appellees, when only seventeen and two-thirds months of the thirty-six month contract period had elapsed.

The Appellants thereafter instituted this action to recover damages for the sum of $64,000.00 alleged in three different counts for breach of contract, negligence and fraud. In the third count of fraud, Appellants also seek punitive damages.

The Appellees counter-claimed, based on alleged breach of contract by the Appellants, asking damages for moneys due them for purchases by Appellants, and for general damages resultant from the breach.

The District Court for the District of Oregon denied relief to the Appellants and granted judgment to Appellees on their counterclaim in the amount of $1,552.17.

The Trial Court held that the Appellants suffered some loss of business, but that loss was the direct result of criminal prosecution and such loss was not the result of any low butterfat content in the milk sold.

The Court also held that the Appellants breached the contract by purchasing milk from processors other than Appellees; that the Appellees had not breached, that they were not responsible for Appellants' loss, if any, occasioned by the prosecution, and that there was no basis in fact for the allegation that Appellee furnished Appellants with milk which failed to meet the sanitary requirements of the State of Washington.

There is no question but what the Appellants did purchase milk from sources other than Appellees subsequent to the criminal prosecution. It is the Appellants' position, however, that at that time the contract had already been breached by the Appellee. In this regard, the Trial Court held that the Appellees fully performed the contract and were not negligent in any respect in the performance of said contract.

Appellants have cited as error the lower court's findings (1) that Appellees had performed their contract and in failing to find that Appellees had breached the contract by furnishing substandard and misbranded milk and (2) that the prosecution of Appellants and the resultant loss of business was not the proximate result of the breach of contract by the Appellants.

It is basic that a contract such as the one with which we are here concerned carries with it an implied warranty that the products furnished are of merchantable quality, fit for the use and purposes intended.

The problem here then is whether the products furnished complied with the warranty. The lower court held that they did. The evidence presented to the contrary was very vague and indefinite and it is the opinion of this court that the evidence substantiates that finding by the trial court.

It follows then that any damage sustained by the Appellants was not proximately caused by any acts on the part of the Appellees.

The lower court awarded damages to Appellees in the amount of $1,552.17 on their counterclaim. This claim was, at one time, apparently waived by the Appellees, but the Trial Court, on its own motion, relieved Appellees of the waiver upon being advised that an appeal was being considered by the Appellants here. [Vol. II Tr. 306.] This counterclaim was not strenuously urged either at the time of the trial or on appeal. The record shows, also, that the Appellees are not entirely without fault.

The Judgment of the lower court is reversed to the extent that it awarded damages to the Appellees (Defendants below) on their counterclaim. In all other respects the Judgment of the lower court is affirmed.

Neither party shall be awarded costs on this appeal as against the other party.